UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL R. MANZONI,            )
                              )
        Plaintiff,            )
                              )
    v.                        ) C.A. No. 01-00189 (EGS)
                              )
DONALD L. EVANS,              )
                              )
        Defendant.            )
                              )

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff filed his Complaint on January 29, 2001, seeking attorney fees in conjunction with an informal resolution of an administrative EEO complaint of national origin discrimination filed against Defendant U.S. Department of Commerce on April 12, 2000. On March 13, 2001, Defendant issued its Final Agency Decision dismissing Plaintiff's administrative complaint because of the pending civil action and because more than 180 days had elapsed since the administrative complaint was filed.

In the meantime, Plaintiff and Defendant engaged in settlement negotiations, with counsel for Defendant representing that she was diligently attempting to settle this case. Consequently, Plaintiff consented to each of Defendant's five requests for extension of time. However, it is noteworthy that no settlement offer was every forthcoming from the Defendant.

On June 15, 2001, within 90 days of the Final Agency Decision and before Defendant had filed an Answer or dispositive motion, Plaintiff filed his First Amended Complaint seeking full relief for the harms he experienced by reason of the Defendant's unlawful discrimination against him (harms that had not been informally resolved in the administrative process[1]).  In the First Amended Complaint, Plaintiff asserted that "[a]ny claim in the original Complaint that is inconsistent with any claim made in this First Amended Complaint is hereby withdrawn."[2]  Complaint ¶ 29.  The Defendant cannot argue that the Court lacks jurisdiction over Plaintiff's First Amended Complaint because Plaintiff is seeking the substantive relief from discrimination that he was denied at the administrative level and because he timely filed his First Amended Complaint within 90 days of the issuance of the Final Agency Decision as provided in the EEOC regulations.  See 29 C.F.R. § 1614.408(a).

Instead, Defendant argues that this Court did not have subject matter jurisdiction at the time the Complaint was filed on January 29, 2001, because the Fourth Circuit has held that

---

[1] The First Amended Complaint also sought attorney fees, which had been denied to Plaintiff in the Defendant's Final Agency Decision.

[2] Defendant's Motion nevertheless argues that Plaintiff's two Complaints are contradictory.  Motion to Dismiss at 3.

there is no independent jurisdiction in federal court under Title VII for an action solely to recover attorney fees. Motion to Dismiss at 7, citing Chris v. Tenet, 221 F.3d 648 (4th Cir. 2000). Tenet is inapposite to the matter at hand because the D.C. Circuit has not ruled on the issue, and this Court has no obligation to follow Fourth Circuit case law. Moreover, Defendant neglected to inform the Court that the Eighth Circuit has held to the contrary. In Jones v. American State Bank, 857 F.2d 494, 495 (8th Cir. 1988), the court held "that a claimant may bring an action in federal court to recover attorney's fees for work done in a state proceeding to which a claimant was deferred pursuant to Title VII." Accordingly, this Court has jurisdiction over the First Amended Complaint by virtue of the applicable EEOC regulations that implement Title VII (29 C.F.R. § 1614.408(a)), as well as over the original Complaint because the D.C. Circuit does not bar a Title VII attorney fees action.[3] There is no doubt that current D.C. Circuit law grants subject

---

[3] The Supreme Court decided Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 121 S.Ct. 1835 (2001), on May 29, 2001, after the original Complaint was filed but before the First Amended Complaint was filed. Buckhannon did not hold that the catalyst theory is not a permissible basis for the award of attorney fees under Title VII. The First Amended Complaint was filed shortly after counsel for Defendant brought this case to the attention of Plaintiff's counsel.

matter jurisdiction over the gravamen of both of Plaintiff's Complaints.

Defendant next argues, disengenuously, that there was no ongoing, actual case or controversy at the time the original Complaint was filed because Plaintiff alleged in his Complaint that a *de facto* settlement had been reached between the parties. Motion to Dismiss at 7. Taking the opposite position, Defendant stated that there was no settlement; hence, the parties disagreed about whether there had been a *de facto* settlement at the administrative level. This dispute, however, is not material to the issue at hand. Plaintiff has never claimed that he received full relief for his administrative complaint, only that he received substantial relief. First Amended Complaint ¶ 19; Complaint ¶ 25. In his administrative complaint, Plaintiff sought numerous remedies, the most significant being reassignment or transfer to another position where he would not be subjected to discriminatory treatment. First Amended Complaint ¶ 15; Complaint ¶ 15. Defendant administratively reassigned Plaintiff to the position it suggested in its proposed Resolution Agreement, and it also granted other substantial relief to Plaintiff. First Amended Complaint ¶¶ 17, 18; Complaint ¶¶ 17, 18. If the Defendant had agreed to pay

attorney fees, in addition to the relief it already granted Plaintiff, Plaintiff would have settled and dismissed the remainder of his administrative complaint. The Defendant, however, has stubbornly chosen to avoid its attorney fees liability in this case. Because the Defendant refused to grant full relief in the administrative process, Plaintiff is now seeking full relief of his substantive claims of discrimination in this Court as set forth in the First Amended Complaint.

In conclusion, because there was an ongoing controversy at the time the Complaint was filed, and this Court has jurisdiction over both the Complaint and the First Amended Complaint, it would be unjust to grant this baseless Motion to Dismiss. It is now time, after long delay, that the merits of Plaintiff's discrimination case be properly adjudicated as envisioned by Title VII. Defendant's Motion must be denied.

Further, it is well settled that amendments to Complaints shall be freely allowed when justice so requires. See Fed.R.Civ.P. 15(a). If the Court has any doubt about the pending matter, the Court should treat this Opposition as a Motion for Leave to File a Supplemental Pleading - i.e., the First Amended Complaint. See Fed.R.Civ.P. 15(d) ("Permission may be granted even though the original pleading was defective

in its statement of a claim for relief or defense."); see also Advisory Committee Notes: "the court has discretion to permit a supplemental pleading despite the fact that the original pleading is defective." While the original Complaint here was in no way defective, Rule 15(d) serves to highlight the unjust, hypertechnical nature of Defendant's request for dismissal.

                              Respectfully submitted,

                              _____
                              JOSEPH D. GEBHARDT
                                 (D.C. Bar #113894)
                              ELAINE L. FITCH
                                 (D.C. Bar #471240)
                              GEBHARDT & ASSOCIATES, LLP
                              1101 17th Street, N.W.
                              Suite 607
                              Washington, DC  20036
                              (202) 496-0400

October 3, 2001                  Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss and Proposed Order was served this 3rd day of September, 2001, via first class mail postage prepaid, upon counsel for the Agency as follows:

>Lisa S. Goldfluss, Esq.
>Assistant U.S. Attorney
>United States Attorney's Office
>for the District of Columbia
>Civil Section, 10th Floor
>555 Fourth Street, N.W.
>Washington, DC 20001

_____

ELAINE L. FITCH

# Exhibit 1 - AFFIDAVIT OF MARY SMITH

# EXHIBIT 2 - BILLS

**Proposed Order**